**Thomas Nathan TERRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–06–00645–CR, 01–06–00646–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 19, 2007.

---

Roland Brice Moore III, Houston, for Appellant.

Thomas Nathan Terrell, Amarillo, pro se.

William J. Delmore III, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and ALCALA.

## ORDER

ELSA ALCALA, Justice.

Appellant, Thomas Nathan Terrell, appeals from the trial court's judgment in trial court cause number 1007474, which is appellate cause number 01–06–00646–CR, convicting him for aggravated sexual assault of a child. Appellant also appeals from the trial court's judgment in trial court cause number 1007475, which is appellate cause number 01–06–00645–CR, convicting him for indecency with a child. We conclude that the trial court's certifications of the right of appeal in each case erroneously state there is no right of appeal and order the trial court to correct the defective certifications.

### Background

Appellant pleaded not guilty to the offenses. The jury found appellant guilty of each offense. The trial court sentenced appellant in accordance with the terms of an agreement with the State concerning the number of years to be assessed in each case and an agreement that no other

charges would be filed in Fort Bend County regarding certain complainants during a stated period of time. As shown in documents that were admitted without objection from appellant, appellant pleaded guilty to each of these offenses and agreed to sentences of 35 years in prison for aggravated sexual assault and 20 years in prison for indecency with a child. The trial court, however, did not sign the plea papers in trial cause number 1007475,[1] nor did it rely on the plea papers in determining appellant's guilt. In its oral pronouncement at the sentencing hearing, the court stated, "In 1007474, the *jury* having previously found you guilty of the offense of indecency with a child, [I] assess your punishment" at 35 years in prison. (Emphasis added). The court also stated, "In 1007475, the *jury* having previously found you guilty of the offense of aggravated sexual assault of a child, I assess your punishment" at 20 years in prison. (Emphasis added). The judgments are consistent with the trial court's pronouncements at the sentencing hearing, documenting that appellant pleaded not guilty to the jury and the jury found him guilty in each case.

The trial court's certification states that these are plea-bargain cases and appellant has no right of appeal. Appellant filed a pro se notice of appeal for each conviction. The trial court appointed appellate counsel, who has filed an *Anders* brief stating that there are no arguable grounds on appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

1. The trial court did sign the plea papers in cause number 1007474.

2. Effective September 1, 2007, the trial court's certification form was amended to require the signature of both the defendant and

### Certification of Right to Appeal

Effective January 2003, Texas Rule of Appellate Procedure 25.2(a)(2) requires that a trial court certify a defendant's right of appeal by selecting the appropriate box on the certification form contained in Appendix D to the Texas Rules of Appellate Procedure. TEX.R.APP. P. 25.2(a); *Hargesheimer v. State,* 182 S.W.3d 906, 911 (Tex.Crim.App.2006). The choices on the form include the following: not a plea-bargain case and the defendant has the right of appeal; a plea-bargain case in which the defendant has the right of appeal because he satisfied the requirements of Rule 25.2(a)(2)(A) or (a)(2)(B); a plea-bargain case in which the defendant has no right of appeal; or a case in which the defendant waived his right of appeal. *Hargesheimer,* 182 S.W.3d at 911.[2] Rule 25.2(a)(2) states,

> A defendant in a criminal case has the right of appeal.... The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty ... and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

TEX.R.APP. P. 25.2(a)(2).

An appellate court must examine the certification of the right of appeal to the defendant's trial counsel and to inform the defendant of rights concerning any appeals, including the right to file a pro se petition for discretionary review with the Court of Criminal Appeals.

determine if it is defective by comparing it to the available record. *Dears v. State,* 154 S.W.3d 610, 615 (Tex.Crim.App.2005) (stating that appellate court is "obligated to review that record in ascertaining whether the certifications were defective"). A certification is defective if it is correct in form but, "when compared with the record before the court, proves to be inaccurate." *Id.* at 614. When the record is incomplete, the appellate court should review "whatever record does exist that indicates that an appellant has the right to appeal." *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.,* 159 S.W.3d 645, 649 (Tex. Crim.App.2005). "While an appellate court may require a trial court to certify whether there is a right of appeal, the appellate court may not dictate the content of the certification." *Id.* at 650 n. 24.

### Plea of Not Guilty is Not a Plea–Bargain Case

■ According to Rule 25.2(a)(2), "a plea bargain case" is "a case in which a defendant's plea was guilty. . . ." TEX. R.APP. P. 25.2(a)(2). The plea papers signed by appellant acknowledging his guilt were filed after he pleaded not guilty to the jury and after the jury found him guilty. The trial court did not sign the plea papers in one cause number, nor did it rely on the plea papers in finding appellant guilty of the offenses. Instead, the trial court said that it was finding appellant guilty based on the jury's verdicts of guilt in each case. The judgments conform to the trial court's oral pronounce-

ments at the sentencing hearing by showing that appellant pleaded not guilty and was found guilty by the jury. We hold that these are not plea-bargain cases under Rule 25.2(a)(2) because appellant did not plead guilty to the offenses. *See id.* The trial court's certifications that state these are plea-bargain cases with no right to appeal are therefore defective.

### The Remedy for the Defective Certification

■ The Court of Criminal Appeals orders the trial court to amend the certification, when, on appeal, it determines that the certification is defective. *Hargesheimer,* 182 S.W.3d at 913 ("The trial judge is instructed to re-certify this case by designating it as 'not a plea-bargain case' on the certification form"); *Dears,* 154 S.W.3d at 613 (ordering appellate court to "use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate"[3] when record shows defendant has right of appeal but certification erroneously states there is no right of appeal); *see also* TEX.R.APP. P. 25.2(f) (allowing amendment of the certification to correct defect or omission). In *Hargesheimer* and *Dears,* no appellant's brief had been filed. *Hargesheimer,* 182 S.W.3d at 907–08; *Dears,* 154 S.W.3d at 612. Here, unlike *Hargesheimer* and *Dears,* the appellant's brief has been filed. After an appellant's brief is filed, amendment of the certification must be done on the terms prescribed by the appellate court and only with leave of the appellate

---

**3.** Under Rule 37.1, if the appellate clerk determines that the certification is defective, the appellate clerk must notify the parties of the defect in the certification so that it can be remedied, if possible. TEX.R.APP. P. 37.1. If, after 30 days of the date of the clerk's notice, a proper certification of the right of appeal is not filed, the clerk must refer the matter to the appellate court. *Id.* The appellate court

must then make an appropriate order under Rule 34.5(c)(2) or 37.1. TEX.R.APP. P. 34.5(c)(2), 37.1. Rule 34.5(c)(2) provides that if the appellate court orders the trial court to file a certificate of the defendant's right of appeal, the trial court must prepare the certificate and file it in the appellate court. TEX. R.APP. P. 34.5(c)(2).

court. Tex.R.App. P. 25.2(f).[4]

We order the trial court to amend the certifications to show that appellant has the right of appeal in each case. *See id.*; *Hargesheimer*, 182 S.W.3d at 906; *Dears*, 154 S.W.3d at 613.[5] We will address the merits of the appeals only after we receive the certifications and determine that we have jurisdiction over the appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim.App.2006) (holding that, although *Anders* brief is filed, when appellate court determines that trial court properly certified that appellant has no right of appeal, "no inquiry into even possibly meritorious claims may be made").

### Conclusion

We order the trial court to amend the certifications to conform to the records.

**4.** Before an appellant's brief is filed, the certification to correct a defect or omission may be done at *any time*. Tex.R.App. P. 25.2(f).

**5.** We decline to deem the certification amended. *See Chandler v. State*, 165 S.W.3d 63, 66 n. 1 (Tex.App.-Austin 2005, pet. ref'd) ("Rather than order the trial court to prepare and file an amended certification at this late stage in the appellate process, the certification in the record shall be deemed amended so as to certify that this 'is not a plea-bargain case, and the defendant has the right of appeal.' "). We recognize that judicial economy is served by deeming the certificates amended under these circumstances where the record shows that there is a right of appeal, but find no rule that authorizes us to deem the certificate amended. *See* Tex.R.App. P. 25.2(a)(2), 25.2(f); *see also Hargesheimer v. State*, 182 S.W.3d 906 (Tex.Crim.App.2006); *Dears v. State*, 154 S.W.3d 610, 613 (Tex.Crim.App.2005).