COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Curtis Lee Johnson v. The State of Texas

Appellate case number:   01-11-00352-CR

Trial court case number: 1178448

Trial court:             208th District Court of Harris County

The trial court's certification of the appellant's right of appeal is defective. The certification states that appellant waived the right to appeal, but, as demonstrated in this court's previous orders, the record contradicts the certification and shows that appellant has a right to appeal. On October 11, 2011, we issued an order stating that the certification is inconsistent with the record, abating the case for a determination by the trial court of whether appellant had retained his right of appeal, and requiring the trial court to either file an amended certification of appellant's right to appeal or provide additional documentation to support the original certification. On February 9, 2012, we issued an order of continuing abatement, once again stating that the certification is defective and ordering the trial court to file an amended certification. On June 18, 2012, we issued a third order, again stating that the certification is defective, ordering the trial court to "execute an amended certification of appellant's right to appeal indicating that appellant has the right of appeal," and requiring a supplemental clerk's record and a reporter's record to be filed with this Court by July 9, 2012.

On July 31, 2012, the trial court clerk filed a supplemental clerk's record with this Court containing one page from the trial court's docket sheet, an order granting additional time credit to appellant, and an amended first page of the trial court's judgment. In the docket sheet, which is not part of the record, the trial court states: "The judge brought to the attention of the defendant the Trial Court Certification [sic] and the defendant stated he had no problem with the document." *See State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.); *Pifer v. State*, 893 S.W.2d 109, 111 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd). The court reporter's record of the hearing, however, which was filed on July 26, 2012, does not reflect any statement by appellant that he has "no problem with" the certification. Nor does the record contain any statement by appellant that could be construed as a waiver of the right to appeal. Rather, the reporter's record shows that the trial court asked appellant's attorney what he recalled from the plea in this case. According to counsel, appellant pleaded without a recommendation. Counsel further stated that "one of the conditions precedent to the plea was that it would be final at the time [the trial judge] made a decision" and that "we always intended, that we would have

no right of appeal . . . after we . . . took the plea and you assessed punishment," but that there was no plea bargain.[1] The only statements in the reporter's record by appellant are that his name is Curtis Johnson, that he understood that the trial court believed that there was confusion regarding a "scratch-out" on the certification of appellant's right to appeal,[2] that his attorney was outside the camera's range, and that he understood that the judge and his attorney were in the trial court's chambers, and a series of questions and statements related to his jail credit. Despite this Court's orders to the trial court, at no time did the trial court take any action to execute an amended certification, inquire of appellant whether he wishes to pursue this appeal, inquire of appellant's attorney if he intends to represent appellant on appeal, or set a deadline for the filing of appellant's brief.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(d). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Furthermore, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1. And, even though Rule 25.2(d) requires us to dismiss an appeal when the record does not contain a certification showing that appellant has the right to appeal, Rule 44.4 prohibits us from dismissing an appeal based on the lack of a valid certification if the appellant has a right to appeal. *See* TEX. R. APP. P. 44.4; *see also Dears*, 154 S.W.3d at 615 (reversing court of appeals' judgment dismissing appeals for want of jurisdiction and holding that court should have determined that certifications were defective and acted to correct certifications).

In this case, we have examined the certification and determined that it is defective. Therefore, we may not dismiss this appeal, we must obtain a new certificate of appeal, and we order the trial court to amend the certification to conform to the record by showing that appellant has the right of appeal. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App.

---

1  Whether or not appellant intended to have a right to appeal at the time he entered his guilty plea, appellant does have such a right, because, as stated in this Court's previous order, appellant did not plead pursuant to a plea bargain, waive the right to appeal in exchange for consideration from the State, or waive the right to appeal after being sentenced. *See Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Ex parte Delaney*, 207 S.W.3d 794, 799–800 (Tex. Crim. App. 2006); *Monreal v. State*, 99 S.W.3d 615, 616 (Tex. Crim. App. 2003); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000).

2  The trial court stated: "[W]e called this hearing because there was some confusion on [appellant's] . . . Trial Certification page about what [appellant] wanted to do with [his] appeal and whether or not [he] had a right to appeal," which resulted from "a scratch-out on" the certification. What appellant wants to do with his appeal is irrelevant for purposes of the certification form; the certification states whether appellant has a right to appeal, not whether he wants to appeal. *See* TEX. R. APP. P. 25.2(d). And there is no confusion about the certification, it is defective.

2006); *Dears*, 154 S.W.3d at 615; *Terrell v. State*, 264 S.W.3d 110, 113–14 (Tex. App.—Houston [1st Dist.] 2007, order); *see also* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1, 44.4 (authorizing amendment of certification; allowing supplementation of clerk's record; requiring appellate court to make appropriate order when certification is defective; prohibiting dismissal based on trial court's erroneous action that can be corrected and requiring appellate court to direct trial court to correct error); *but see Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 n.24 (Tex. Crim. App. 2005)[3].

Accordingly, the court ORDERS the trial court to:

1)      execute an amended "Trial Court's Certification of Defendant's Right of Appeal," showing that this "is not a plea-bargain case, and the defendant has the right of appeal" and

2)      issue a written order, separate and apart from any docket sheet notations, appointing counsel to represent appellant for purposes of appeal.

A supplemental clerk's record containing the amended certification and a written order of appointment shall be filed with this Court no later than 20 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. **The appeal will not be reinstated on this Court's active docket until records that comply with our order are filed with the Clerk of this Court.** The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Justice Harvey Brown
                              ☑ Acting individually      ☐ Acting for the Court

Date:  October 1, 2012

---

3      In a footnote in *Greenwell v. Court of Appeals for Thirteenth Judicial District*, the Court of Criminal Appeals stated that an "appellate court may not dictate the content of [a] certification."  159 S.W.3d 645, 650 n.24 (Tex. Crim. App. 2005).  However, we "must direct the trial court to correct the error," and we must use Rule 37.1 to obtain a correct certification and would err if we dismissed the appeal for want of jurisdiction.  TEX. R. APP. P. 44.4(b); *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  Further, the Court of Criminal Appeals has, after *Greenwell* was decided, "instructed [a trial judge] to re-certify [a] case by designating it as 'not a plea-bargain case' on the certification form."  *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006).  Given that the trial court has failed to provide a valid certification after three separate orders of this Court, at this point we are constrained to order the trial court to provide an amended certification stating that appellant does have the right to appeal.  *See* TEX. R. APP. P. 34.5(c), 35.3(c), 37.1, 44.4(b).