COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS



§

ALFREDO OVALLE,                                              No. 08-12-00110-CR

§

        Appellant,                                          Appeal from the

§

v.                                                     County Criminal Court at Law #2

§

STATE OF TEXAS,                                              of El Paso, Texas

§

        Appellee.                                          (TC# 20110C05092)

§

# **O P I N I O N**

Alfredo Ovalle appeals his conviction of driving while intoxicated. In his sole issue on appeal, Appellant contends that the trial court erred by not suppressing statements he made to a police officer who did not issue a *Miranda*[1] warning after an investigative traffic stop purportedly escalated into a custodial arrest. We affirm.

## **BACKGROUND**

On June 9, 2011, two El Paso Police Department ("EPPD") officers who had been dispatched to break up a fight at the corner of Mesa Street and Cincinnati Street in the city's Cincinnati Street Entertainment District observed a red Mitsubishi Eclipse stopped at a red light. The driver of the Eclipse conducted a "burnout," keeping the car stopped while spinning the

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)

wheels for several seconds and leaving tread marks on the pavement, before driving off at a high rate of speed when the light turned green. The officers, in separate vehicles, pursued the driver of the Eclipse, who made a wide right-hand turn onto University Street from the left-hand turning lane of Mesa Street and traveled westbound on University Street's eastbound lane before eventually entering the correct lane of traffic and pulling off to the side of the road.

The testifying officer at the suppression hearing stated that Appellant was the driver of the Eclipse, and that when he approach the vehicle, he noticed Appellant had bloodshot eyes, slurred his speech, and smelled of alcohol. The officer testified that at that time questioning began, Appellant was detained and not free to leave, but not yet under full custodial arrest. When questioned, Appellant admitted that he had visited two separate bars and consumed two drinks and four Shiner beers before stopping at a Mexican food restaurant for some tacos. Appellant failed several standard field sobriety tests and refused to provide a breath sample. At that point, the testifying officer maintained, he placed Appellant under full custodial arrest.

On cross-examination, the officer admitted that the audio equipment recording the encounter between the officers and Appellant malfunctioned the night of the stop. The officer also stated that if Appellant had refused to take the field sobriety tests, he would have been placed under arrest, based on probable cause arising from the combination of Appellant's burnout, erratic driving, and intoxicated demeanor during the stop. The trial court denied the motion to suppress, and the case proceeded to trial, where a jury convicted Appellant of driving while intoxicated. Appellant elected to have the judge assess his punishment before reaching a punishment deal with the State. He then appealed the suppression issue.[2]

---

[2] The State notes that although the trial court certified in a written order that Appellant did not have a right to appeal, the trial court's certification was defective for not comporting with the record. *Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005). Specifically, the trial court improperly characterized the case as a "plea bargain case" when Appellant had actually pleaded not guilty initially but was later found guilty by the jury. *See Terrell v.*

**DISCUSSION**

Appellant, in his sole issue, argues that his statements to police should have been suppressed because the arresting officer admitted to having probable cause prior to questioning, meaning that Appellant was in custody and should have been issued a *Miranda* warning. We disagree.

TEX.CODE CRIM.PROC.ANN. art. 38.22 (West Supp. 2013) prohibits the introduction of statements obtained through custodial interrogation unless the defendant was informed of, and properly waived, his or her *Miranda* rights. If a defendant is not in custody at the time the statement is given, no *Miranda* warnings are required. *See Calderon v. State,* 08-09-00315-CR, 2011 WL 1734068, at *3 (Tex.App.--El Paso May 4, 2011, pet. ref'd)(not designated for publication). The defendant bears the initial burden of "clearly establish[ing]" custodial interrogation. *Wilkerson v. State*, 173 S.W.3d 521, 532 (Tex.Crim.App. 2005). Upon a showing of custodial interrogation, the burden shifts to the State to prove compliance with *Miranda* and TEX.CODE CRIM.PROC.ANN. art. 38.22. *Id.* We review the question of whether a defendant is "in custody" for abuse of discretion when the trial court's ruling turns on disputed historical facts requiring an assessment of credibility and demeanor, and *de novo* when it turns solely on the application of law to facts. *Herrera v. State*, 241 S.W.3d 520, 526-27 (Tex.Crim.App. 2007); *Calderon,* 2011 WL 1734068, at *3. Because the facts at issue in this appeal are not disputed, we review the suppression ruling *de novo*. *Id.*

A person seized during a normal traffic stop is not typically considered to be "in custody" for *Miranda* purposes. *See Berkemer v. McCarty*, 468 U.S. 420, 441, 104 S.Ct. 3138, 3151, 82

---

*State*, 264 S.W.3d 110, 113 (Tex.App.--Houston [1st Dist.] 2007, no pet.) The State also notes that although the trial court certified that Appellant agreed to waive appeal, there is no evidence of a voluntary, knowing, and intelligent waiver of that right in the record. We appreciate the State's candor in bringing the issue to the Court's attention.

L.Ed.2d 317 (1984). However, a traffic stop may escalate into custodial interrogation triggering *Miranda* "if the manifestation of probable cause, combined with other circumstances, would lead a reasonable person to believe that he is under restraint to the degree associated with a[] [formal] arrest." *Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex.Crim.App. 1996). Custody determinations "must be made on an ad hoc basis, after considering all of the objective circumstances." *Id.* [Parentheses omitted]. Factors relevant to assessing custody include, *inter alia*, the length of the traffic stop, the presence of more than two officers, whether the questioning took place on a public roadway or in public view, any displays of force, "point blank" questioning conveying that an officer has presupposed guilt, the use of physical restraints, and the officer's statement that the suspect is under arrest. *State v. Ortiz*, 382 S.W.3d 367, 373-75 (Tex.Crim.App. 2012); *see also State v. Sheppard*, 271 S.W.3d 281, 291 (Tex.Crim.App. 2008); *Berkemer*, 468 U.S. at 438, 104 S.Ct. at 3149 (holding that public traffic stops are unlikely to be raise coercive custody issues because "exposure to public view both reduces the ability of an unscrupulous policeman to use illegitimate means to elicit self-incriminating statements and diminishes the motorist's fear that, if he does not cooperate, he will be subjected to abuse"). Whether the arresting officer believed he had probable cause to arrest prior to questioning is immaterial unless the officer's "intent is somehow communicated or otherwise manifested to the suspect." *Dowthitt*, 931 S.W.2d at 254; *accord Berkemer*, 468 U.S. at 422, 104 S.Ct. at 3151.

Here, Appellant has failed to establish any objective circumstances indicating that the traffic stop escalated into an unannounced custodial arrest prior to questioning. Only two officers participated in the traffic stop, University Avenue is a public street, and Appellant did not allege that the police ever drew guns, physically restrained him, or questioned him for an extended period of time or in an improper manner. *See Ortiz*, 382 S.W.3d at 373-75 (setting out

4

custody factors). Moreover, the fact that the arresting officer testified that he would have arrested Appellant anyway had he refused to perform the field sobriety tests is irrelevant. *See Dowthitt*, 931 S.W.2d at 254. In *Berkemer*, the United States Supreme Court held that there was no custodial interrogation during a traffic stop where a state trooper believed he had probable cause to arrest a suspect for driving under the influence before he began questioning him because the officer did not convey that belief to the suspect. 468 U.S. at 422, 104 S.Ct. at 3151. The case at bar is virtually indistinguishable, and we have rejected a number of cases where appellants argued they were "in custody" merely because a police officer had an unexpressed, subjective belief that probable cause existed prior to questioning. *See Calderon*, 2011 WL 1734068, at *3; *Plumlee v. State*, No. 08-06-00289-CR, 2008 WL 607581, at *3 (Tex.App.-- El Paso Mar. 6, 2008, no pet.)(not designated for publication); *Espinoza v. State*, No. 08-05- 00241-CR, 2007 WL 179059, at *3 (Tex.App.--El Paso Jan. 25, 2007, no pet.)(not designated for publication); *Rodriguez v. State*, No. 08-03-00497-CR, 2005 WL 2313567, at *5 (Tex.App.-- El Paso Sept. 22, 2005, no pet.)(not designated for publication).

Appellant also complains that the lack of audio on the police video recording the encounter violates the mandate that police questioning be recorded under TEX.CODE CRIM.PROC.ANN. art. 38.22, § 3. Because that provision deals only with statements obtained through custodial interrogation, and because Appellant failed to clearly establish custodial interrogation, that provision is inapplicable to this case and his claim is without merit.

Issue One is overruled. We affirm the trial court's judgment.

March 12, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

5