COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Roland Parks v. The State of Texas

Appellate case number:      01-15-00737-CR

Trial court case number:      2009726

Trial court:                County Criminal Court at Law No. 1, Harris County, Texas

The certification of defendant's right to appeal indicates: (1) this is a plea-bargain case and the defendant has no right of appeal, and (2) that defendant waived his right to appeal. However, the record indicates this was a jury trial as to guilt/innocence and that he was sentenced by the trial court. There is no indication in the record of any plea bargain or waiver of the right to appeal.

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(d). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Furthermore, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1. And, even though Rule 25.2(d) requires us to dismiss an appeal when the record does not contain a certification showing that appellant has the right to appeal, Rule 44.4 prohibits us from dismissing an appeal based on the lack of a valid certification if the appellant has a right to appeal. *See* TEX. R. APP. P. 44.4; *see also Dears*, 154 S.W.3d at 615 (reversing court of appeals' judgment dismissing appeals for want of jurisdiction and holding that court should have determined that certifications were defective and acted to correct certifications).

In this case, we have examined the certification and determined that it may be defective and that appellant appears to have the right of appeal. Therefore, we must obtain a new certificate of appeal, and we order the trial court to amend the certification to conform to the record by showing that appellant has the right of appeal. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006); *Dears*, 154 S.W.3d at 615; *Terrell v. State*, 264 S.W.3d 110, 113–14 (Tex. App.—Houston [1st Dist.] 2007, order); *see also* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1, 44.4 (authorizing amendment of certification; allowing supplementation of clerk's record;

requiring appellate court to make appropriate order when certification is defective; prohibiting dismissal based on trial court's erroneous action that can be corrected and requiring appellate court to direct trial court to correct error).

Accordingly, the court ORDERS the trial court to execute an amended "Trial Court's Certification of Defendant's Right of Appeal." A supplemental clerk's record containing the amended certification shall be filed with this Court **no later than 20 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. **The appeal will not be reinstated on this Court's active docket until records that comply with our order are filed with the Clerk of this Court.** The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: __/s/_ Harvey Brown
                              X  Acting individually     ☐  Acting for the Court


Date:  October 15, 2015