COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Debeyon Patrice Young v. The State of Texas

Appellate case number:     01-15-00412-CR

Trial court case number:   1388619

Trial court:                208th District Court of Harris County

Appellant pled guilty to the offense of aggravated robbery without an agreed recommendation from the State as to sentencing. At the time of the plea, the trial court signed a certification of the defendant's right to appeal, indicating appellant had waived the right to appeal. After a hearing, the trial court sentenced appellant to 35 years in the Institutional Division of the Texas Department of Criminal Justice. On the same date, the trial court signed another certification, indicating that although this was a plea bargain, appellant had permission to appeal. This certification does not indicate whether appellant has the right to appeal the entire case or only the sentencing portion. Appellant's counsel has filed a motion to abate, asking that we remand to the trial court for a determination of appellant's right to appeal.

The Rules of Appellate Procedure provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Furthermore, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

In this case, we have examined the certification and determined that it may be defective. Therefore, we must obtain a new certificate of appeal, and we order the trial court to amend the certification to conform to the record. *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006); *Dears*, 154 S.W.3d at 615; *Terrell v. State*, 264 S.W.3d 110, 113–14 (Tex. App.—Houston [1st Dist.] 2007, order); *see also* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1, 44.4 (authorizing amendment of certification; allowing supplementation of clerk's record; requiring appellate court to make appropriate order when certification is defective; prohibiting dismissal based on trial court's erroneous action that can be corrected and requiring appellate court to direct trial court to correct error).

Accordingly, this Court ORDERS the trial court to execute an amended "Trial Court's Certification of Defendant's Right of Appeal." A supplemental clerk's record containing the amended certification shall be filed with this Court **no later than 20 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. **The appeal will not be reinstated on this Court's active docket until records that comply with our order are filed with the Clerk of this Court.** The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown

☑ Acting individually ☐ Acting for the Court


Date: January 5, 2016