COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Brodrick Michael James v. The State of Texas

Appellate case number:    01-15-00102-CR; 01-15-00103-CR; 01-15-00104-CR

Trial court case number:  74207, 74208, 74209

Trial court:              149th District Court of Brazoria County

The Clerk of the Court has examined the clerk's records in these appeals and found that they do not comport with the Texas Rules of Appellate Procedure because the certifications of appellant's right to appeal are defective. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) ("If the appellate court determines that the certification is defective, the clerk must notify the parties so that the defect can be remedied."). Without agreed recommendations as to punishment, appellant, Brodrick Michael James, pleaded guilty to three felony offenses of delivery of a controlled substance. In each case, the trial court executed a certification of appellant's right to appeal, limiting his right to appeal only the punishment stage of trial. James and the State agree in their appellate briefing that the certification of the right to appeal is defective to the extent it purported to limit the appeal to issues arising from the punishment stage of trial.

A criminal defendant has a right to appeal, *see* TEX. CODE CRIM. PROC. art. 44.02, but he also has a right to waive "any rights secured him by law." *Id.* art. 1.14(a). A waiver of rights must be made knowingly, intelligently, and voluntarily. *See Ex parte Delaney*, 207 S.W.3d 794, 796–97 (Tex. Crim. App. 2006). A pretrial or presentencing waiver of appeal is made knowingly when there is an agreed recommendation as to sentencing because the defendant knows the sentence he will receive. *See id.* at 798. Other consideration, such as the State's agreement to consent to waiver of a jury trial also will support a pretrial waiver of appeal. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009).

The appellant pleaded guilty without an agreed recommendation as to punishment or other consideration from the State in exchange for his waiver of appeal. The record shows that there was a bargain between the appellant and the State: in exchange for a guilty plea and waiver of a presentence investigation, the State agreed to consent to the waiver of a jury for sentencing. Waiver of the right to appeal was not expressly made part of this bargain. Although James acknowledged in open court that he was waiving his right to appeal except as to punishment, the

fact that there was no agreed recommendation as to punishment or bargained-for consideration in exchange for his plea make any waiver of appeal unenforceable. *See Delaney*, 207 S.W.3d at 798–99.

Because the appellant's brief has been filed, amendment of the certification may be done only with leave of and on the terms prescribed by the appellate court. TEX. R. APP. P. 25.2(f). We therefore **abate** this appeal and **remand** this case to the trial court. We **order** the trial court to amend the certifications to show that James has the right of appeal in each case. *See id.*; *Terrell v. State*, 264 S.W.3d 110, 113–14 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A **supplemental clerk's record** containing the amended certifications is **due** in this Court on **Monday, September 12, 2016**.

It is so **ORDERED**.


Judge's signature: /s/ Michael Massengale
                     Acting for the Court

                     Panel consists of Chief Justice Radack and Justices Brown and Massengale

Date: August 18, 2016