# NO. 12-23-00102-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MALIK HERMAN,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| | § | *DISTRICT COURT* |
| *V.* | | |
| | § | *HOUSTON COUNTY, TEXAS* |
| *THE STATE OF TEXAS,* *APPELLEE* | | |

---

## *MEMORANDUM OPINION*
## *PER CURIAM*

Malik Herman, acting pro se, filed a notice of appeal from a conviction in which sentence was imposed on April 3, 2023. When Appellant failed to file the required docketing statement, this Court remanded the case to the trial court to determine whether: (1) Appellant is indigent and entitled to the appointment of counsel on appeal; (2) Appellant has sufficient funds to retain counsel; or (3) Appellant desires to represent himself on appeal. On June 7, the trial court provided this Court with findings of fact and conclusions of law, including the following: (1) Appellant pleaded "guilty" to possession of a controlled substance, pleaded "true" to violations of his "deferred probation" for engaging in organized criminal activity, and was sentenced by agreement to five years in prison, (2) Appellant signed paperwork waiving his right to appeal, and (3) Appellant has no right to appeal. The trial court's certification of Appellant's right to appeal states that this is a plea bargain case, and the defendant has no right of appeal, and that Appellant waived the right of appeal. The certification is signed by Appellant and his counsel. *See* TEX. R. APP. P. 25.2(d).

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *Id*. This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. Based on

the trial court's findings and conclusions, the trial court's certification appears to accurately state that this is a plea bargain case and Appellant has no right to appeal. *See **Dears v. State***, 154 S.W.3d 610 (Tex. Crim. App. 2005) (court of appeals should review record to determine whether certification is accurate); *see also **Greenwell v. Court of Appeals for Thirteenth Judicial Dist.**,* 159 S.W.3d 645, 649 (Tex. Crim. App. 2005) (when record is incomplete, appellate court should review "whatever record does exist" to determine whether appellant has right to appeal); ***Terrell v. State***, 264 S.W.3d 110, 112-13- (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing ***Dears*** and explaining that appellate court must examine certification to determine if it is defective by comparing it to available record); *see also **Hilton v. State,*** No. 07-16-00446-CR, 2017 WL 3723344, at *1 (Tex. App.—Amarillo Aug. 29, 2017, no pet.) (mem. op., not designated for publication) (dismissing under Rule 25.2(d) "based on the trial court's certification and findings of fact and conclusions of law certifying that appellant has waived her right of appeal"). Because the trial court did not grant Appellant the right to appeal his conviction, we ***dismiss*** the appeal.

Opinion delivered June 14, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 14, 2023**

**NO. 12-23-00102-CR**

**MALIK HERMAN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 22CR-166)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*