Victor Lamar JENKINS, Appellant

v.

The STATE of Texas, Appellee

NO. 14–15–00038–CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed May 3, 2016

Rehearing and Rehearing En Banc Overruled June 9, 2016

S.W.3d 296, 304 (Tex.2012).

Paul M. Evans, Austin, TX, for Appellant.

Lisa C. McMinn, Rosemary Lehmberg, Austin, TX, for State.

Panel consists of Justices Boyce, Busby, and Brown.

## OPINION

J. Brett Busby, Justice

Appellant Victor Lamar Jenkins pleaded guilty to aggravated assault with a deadly weapon without a negotiated plea. The court sentenced appellant to twelve years in prison. Appellant filed a timely motion for new trial asserting ineffective assistance of counsel but did not request an evidentiary hearing. The trial court denied the motion by operation of law without holding a hearing. In a single issue on appeal, appellant asserts the trial court abused its discretion in denying his motion for new trial without a hearing because the motion raised issues not determinable from the record.[1]

As a preliminary matter, the State asserts appellant waived his right to appeal. We disagree. A defendant's pre-sentencing waiver of the right to appeal is invalid if punishment is uncertain and there is no bargain with the State to exchange a benefit for the defendant's waiver. Because appellant's plea did not include a recommended sentence and the record does not show a bargained-for exchange, appellant's waiver is invalid.

On the merits, we conclude that because appellant did not request a hearing, the trial court did not abuse its discretion by denying appellant's motion for new trial without holding a hearing. We affirm the judgment of the trial court.

## BACKGROUND

Appellant originally pleaded not guilty to aggravated robbery with a deadly weapon. At a pretrial hearing on October 8, 2014, both sides announced they were ready to proceed to trial. At that hearing, the State offered a plea bargain with a recommendation of six years' confinement in the Texas Department of Corrections, which appellant rejected. The judge admonished appellant that he was charged with a first-degree felony and, if convicted, could be sentenced to between five years and 99 years or life.

Appellant later changed his plea to guilty without a recommendation from the State on punishment. At the plea hearing on October 13, the court stated "no promises whatsoever" had been made to either side and admonished appellant that he could be sentenced "anywhere from deferred up to 99 or life." Based on appellant's judicial confession, the court found there was sufficient evidence to corroborate appellant's plea but deferred a finding of guilt until after a presentence investigation was conducted.

The court subsequently held a sentencing hearing. Witnesses testified for the State and the defense. After both sides rested and closed, the case was reset pending the completion of a presentence investigation.

On November 5, the trial court sentenced appellant to twelve years in the

---

1. This case was transferred by the Texas Supreme Court from the Third Court of Appeals. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3.

Institutional Division of the Texas Department of Criminal Justice. The court also made an affirmative finding that appellant used or exhibited a deadly weapon during the commission of the offense.

On December 5, appellant submitted a motion for new trial claiming ineffective assistance of counsel. Appellant asserted in a declaration attached to the motion that on October 8, the day of the pretrial hearing, trial counsel promised appellant he would get probation if he pleaded guilty. Appellant claimed that if he had known there was no guarantee of probation, he would have taken the State's offer of six years' confinement. The motion did not request a hearing. Two blank orders were attached—one to set a hearing and one to grant or deny the motion. The trial court denied appellant's motion by operation of law without holding an evidentiary hearing. *See* Tex. R. App. P. 21.8 (a motion not ruled on by written order will be deemed denied 75 days after the imposition of sentence).

### Analysis

#### I. Appellant has the right to appeal.

As a preliminary issue, the State asserts that appellant waived his right to appeal, and therefore we lack jurisdiction to hear this appeal. *See* Tex. R. App. P. 25.2(d). The right to appeal may be waived, *see* Tex. Code Crim. Proc. Ann. art. 1.14(a) (West 2015), and such a waiver is valid if made voluntarily, knowingly, and intelligently. *Ex parte Delaney*, 207 S.W.3d 794, 796–97 (Tex.Crim.App.2006). A waiver of appeal prior to sentencing may be valid if it is bargained for—that is, if the State gives some consideration for the waiver, even if a sentence is not agreed upon. *Id.* at 798; *see also Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex.Crim. App.2009). Conversely, non-negotiated waivers of the right to appeal are valid

only if the defendant knows with certainty the punishment that will be assessed. *See Washington v. State*, 363 S.W.3d 589, 589–90 (Tex.Crim.App.2012) (per curiam); *Delaney*, 207 S.W.3d at 798–99.

We consider the written plea documents and the formal record in light of general contract-law principles to determine the validity of the waiver and the terms of any agreement between appellant and the State. *See Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex.Crim.App.2013). On October 13, 2014, appellant signed a form document in support of his plea entitled "Plea of Guilty, Admonishments, Voluntary Statements, Waivers, Stipulation & Judicial Confession." This document does not specify whether there is or is not a plea bargain, but contains sections addressing both situations. Under a section entitled **"Unnegotiated Plea,"** the document provides: "If there is no plea bargain, then all non-jurisdictional defects are waived, and you have no right to appeal except for jurisdictional matters." In a later section entitled **"WAIVERS,"** the document provides: "After consulting with my attorney, I freely, knowingly, and voluntarily: ... 3. **WAIVE** the right to trial by jury, and request the consent and approval of the Court and the attorney for the State to such waiver.... 10. **WITHDRAW** my pretrial motions and WAIVE my right to appeal." Another section entitled **"PLEA OF GUILTY"** states that appellant is "pleading guilty ... because I am guilty and for no other reason. My plea is entered freely and voluntarily, and without any ... promise of benefit other than that stated in the plea bargain agreement." No plea bargain agreement is included or referenced in the record. In a separate section at the end of the document, the prosecutor signed a statement indicating the State's consent to appellant's waiver of a jury trial.

At the plea hearing held the same day, the trial judge told appellant that by entering a plea of guilty without a negotiated plea bargain, he was waiving his right to appeal. The judge also stated that "there is no negotiated plea right now" and that she had made "no promises whatsoever" to either side.

The trial court's original certification of right to appeal includes a mark next to a line regarding plea bargains. The trial court crossed out some of the printed words in that line and made handwritten additions so that the certification read: "This is an unnegotiated plea and the [ ] defendant has NO right of appeal, except for jurisdictional matters." The trial court did not mark the line providing that "the defendant has waived the right of appeal." Subsequently, the trial court amended the certification of right to appeal to reflect that there was no plea bargain, and appellant has the right of appeal.[2]

■ The State asserts that it gave consideration for appellant's waiver of his right to appeal because it consented to his waiver of a jury trial, citing *Broadway*. *See* 301 S.W.3d at 697–99. Consent does not amount to consideration that will validate a waiver, however, unless that consent is a benefit the parties bargained for. *Broadway* holds that a defendant can "waive his entire appeal as part of a plea, even when sentencing is not agreed upon, where consideration is given by the State for that waiver." *Id.* at 699. In that case, the record showed that the defendant wanted to waive his right to jury trial so the trial court could consider deferred-adjudication community supervision. *Id.*

at 698. The trial court found that the State did not want to consent to the defendant's waiver, but the defendant "induced the State to consent by waiving his right to appeal." *Id.* Thus, the defendant bargained for the State's consent, which provided consideration for his appeal waiver. *Id.* at 697–98.

Similarly, the recent case of *Jones v. State* held that the State's agreement to abandon an enhancement paragraph—thereby reducing the defendant's minimum sentence—provided consideration for the defendant's waiver of his right to appeal. No. PD–0587–15, 2016 WL 1359196, at *4 (Tex.Crim.App. Apr. 6, 2016). In addition to a document signed by the defendant waiving his right to a jury trial and right of appeal, the record contained a document signed by the prosecutor indicating the State's agreement to abandon the enhancement paragraph with the understanding that the defendant would plead guilty without an agreed sentencing recommendation. *Id.* The court concluded that the right of appeal may be waived in situations where "the record indicates that the defendant agreed to waive both his right to a jury trial and his right of appeal in exchange for some benefit from the State—in this case, the State's abandonment of an enhancement—pursuant to a plea agreement" that does not include an agreement as to punishment. *Id.* at *5.

■ On the other hand, *Delaney* holds that a pre-sentencing waiver of the right to appeal is not voluntary, knowing, and intelligent when the waiver is not bargained-for and the punishment is uncertain at the

---

2. This amendment was in response to a letter from this Court's clerk stating that the original certification appeared to be incorrect given that appellant waived his right to appeal without knowing with certainty the punishment that would be assessed. The letter asked the trial court to review the record and,

if necessary, correct the certification. *See* Tex. R. App. P. 37.1; *Marsh v. State*, 444 S.W.3d 654, 659 (Tex.Crim.App.2014) (noting appellate court's "obligat[ion] to compare the certification with the record to ascertain whether a certification is defective and act accordingly").

time the waiver is signed. 207 S.W.3d at 799. Although the defendant in *Delaney*—like the defendant in *Broadway*—waived his right to a jury trial (presumably with the State's consent as required by article 1.13(a) of the Code of Criminal Procedure) and sought deferred-adjudication community supervision, the court concluded the appeal waiver was unbargained for and invalid. *See id.* at 796, 798.

In *Washington v. State*, the Court of Criminal Appeals distinguished between *Broadway* and *Delaney*, noting that in *Broadway* the record showed that the State gave consideration for appellant's waiver. *Washington*, 363 S.W.3d at 590 n. 3; *see Broadway*, 301 S.W.3d at 697–98. In *Delaney* and *Washington*, however, the record did not show that the State gave any consideration for the waiver, and the waiver was therefore invalid. *Washington*, 363 S.W.3d at 589; *Delaney*, 207 S.W.3d at 798.

Applying these authorities, we consider whether the record in this case shows that the State provided appellant with a benefit as part of a bargained-for exchange, thereby forming a plea agreement and supplying consideration for appellant's waiver of his right to appeal. We conclude that no bargain has been shown. As noted above, the trial judge stated that there was "no negotiated plea," she made "no promises whatsoever" to either side, and she could sentence appellant anywhere from deferred adjudication to 99 years or life. There was no agreement between the State and appellant on punishment or (as in *Jones*) to reduce the minimum possible sentence. Although appellant certainly benefited from the State's decision to consent to the jury trial waiver, which (as in *Delaney*) allowed him to seek deferred-

adjudication community supervision, there is no indication in the record that appellant negotiated an agreement with the State to obtain this benefit in exchange for waiving his right to appeal. Unlike in *Broadway*, there is no finding (or even evidence) that the State did not want to consent to a jury trial waiver, but appellant induced it to do so by waiving his right to appeal. And unlike in *Jones*, the paperwork related to the plea does not indicate that the State's consent was the product of an agreement between the parties or that appellant was obligated under that agreement to waive his right to appeal.

On these facts, we hold appellant's waiver of his right to appeal was not bargained for. Nor did appellant know with certainty the punishment that would be assessed at the time he entered his plea. Therefore, the waiver does not prevent this Court from considering the merits of the appeal. *See Washington*, 363 S.W.3d at 589–90; *Delaney*, 207 S.W.3d at 798, 800.

## II. Appellant did not preserve his complaint regarding the denial of an evidentiary hearing on his motion for new trial.

Appellant argues in his sole issue that the trial court abused its discretion by denying his motion for new trial without holding an evidentiary hearing, as was required because the motion raised issues not determinable from the record. Appellant claimed in his motion that trial counsel rendered ineffective assistance by misleading him into thinking that, after pleading guilty without a plea deal, appellant would be granted "probation" (actually deferred adjudication).[3] Appellant asserts that he pled guilty based on this advice, and that if he had known proba-

---

**3.** Under the Texas Code of Criminal Procedure, appellant was not eligible for probation, but could have been sentenced to deferred adjudication after pleading guilty. *See* Tex. Code Crim. Proc. Ann. art. 42.12 §§ 3g(a)(1)(F), 5(a) (West 2015).

tion was not guaranteed, he would have taken the State's offer of six years in prison. As we explain below, however, appellant's motion for new trial did not request a hearing, and the attached blank order was not sufficient to give the court actual notice that appellant wanted a hearing on his motion. *See Rozell v. State*, 176 S.W.3d 228, 230 (Tex.Crim.App. 2005). Therefore, we do not reach the merits of appellant's issue.

**A. Standard of review**

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Id.* The denial will be reversed only when the trial judge's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *State v. Gonzalez*, 855 S.W.2d 692, 695 n. 4 (Tex.Crim.App.1993). An abuse of discretion exists when the movant meets the criteria but the trial court fails to hold a hearing. *Smith v. State*, 286 S.W.3d 333, 340 (Tex.Crim.App. 2009).

**B. Preservation of error**

 To preserve an argument that the trial court abused its discretion by not holding an evidentiary hearing on a motion for new trial, a defendant must give notice to the trial court that he desires a hearing on the motion. *Rozell*, 176 S.W.3d at 230 ("[A] reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it."); *see Gardner v. State*, 306 S.W.3d 274, 305 (Tex.Crim.App.2009) (holding an attached document entitled "Order for a Setting" was insufficient to request a hearing). To give this notice, the defendant must present the motion to the trial court within ten days of filing it, and the motion must advise the court that the defendant desires a hearing. Tex. R. App. P. 21.6; *Perez v. State*, 429 S.W.3d 639, 643–44

(Tex.Crim.App.2014) (holding error not preserved when there was no evidence attorney took steps to obtain hearing or get ruling on request for hearing); *Gardner*, 306 S.W.3d at 305 (noting that presentment must be apparent from the record). Presentment puts the court on notice that the defendant desires the judge to take a certain action, such as making a ruling or holding a hearing, regarding his motion for new trial. *Gardner*, 306 S.W.3d at 305; *Stokes v. State*, 277 S.W.3d 20, 21 (Tex. Crim.App.2009).

The Court of Criminal Appeals has held that presentment may be established in different ways, but not all docket entries are sufficient for presentment. *See Gardner*, 306 S.W.3d at 305 (stating presentment can be shown by entry on docket sheet showing presentment or setting hearing); *Stokes*, 277 S.W.3d at 24–25 (holding unsigned docket-sheet entry, "Motion New Trial presented to court no ruling per judge," was sufficient to show motion was presented to trial court as required by Rule 21.6.); *Burrus v. State*, 266 S.W.3d 107, 115 (Tex.App.—Fort Worth 2008, no pet.) (holding notation on docket sheet stating that motion for new trial was filed was insufficient to establish presentment). We assume, without deciding, that the docket sheet notation in this case is sufficient to establish presentment.

The mere presentment of the motion, however, does not establish that the trial court had notice of appellant's desire for a hearing. The orders attached to appellant's motion gave the court the options of setting a hearing or granting or denying the motion without a hearing. This menu of options is not a request sufficient to bring appellant's desire for a hearing to the attention of the trial court. *See Rozell*, 176 S.W.3d at 231 (holding there was insufficient notice of appellant's desire for a

hearing when blank order attached to motion gave court the option to have hearing or rule on motion without hearing). Because appellant did not give the court actual notice of his desire for a hearing on the motion, he failed to preserve his complaint regarding the lack of a hearing for appellate review. *Id.* at 230. We therefore do not reach the question of whether the trial court abused its discretion by not holding a hearing. *Id.* at 230–31. Appellant's issue is overruled.

## CONCLUSION

Having overruled appellant's issue, we affirm the trial court's judgment.