**Abatement Order filed August 20, 2019**



In The

# Fourteenth Court of Appeals

_____

NO. 14-19-00380-CR
NO. 14-19-00381-CR

_____

**CARLOS MICHAEL LOPEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1564443 and 1564444**

---

## ABATEMENT ORDER

The State has filed a motion to dismiss these appeals, contending appellant waived his right to appeal in exchange for the State's waiver of its right to a jury trial. Appellant has responded that the appeals should not be dismissed because the record contains no evidence of the parties bargained for the waiver other than the State's boilerplate language.

The trial court originally certified that appellant had waived his right to

appeal. We sent a letter to the trial court on June 27, 2019 stating the records suggest appellant did not waive his right to appeal. In response, the trial court filed amended certifications indicating that appellant both had the right to appeal and waived his right to appeal.

The right to appeal may be waived, and such a waiver is valid if made voluntarily, knowingly, and intelligently. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *Ex parte Delaney*, 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006); *Simon v. State*, 554 S.W.3d 257, 261 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Jenkins v. State*, 495 S.W.3d 347, 350 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A waiver of appeal prior to sentencing may be valid if it is bargained for—that is, if the State gives some consideration for the waiver, even if a sentence is not agreed upon. *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Simon*, 554 S.W.3d at 261; *Jenkins*, 495 S.W.3d at 350. On the other hand, a non-negotiated waiver of the right to appeal is valid only if the defendant with certainty knows the punishment that will be assessed. *Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012) (per curiam); *Delaney*, 207 S.W.3d at 798-99; *Simon*, 554 S.W.3d at 261; *Jenkins*, 495 S.W.3d at 350.

We order as follows:

The judge of the 262nd District Court shall immediately conduct a hearing at which appellant, appellant's counsel, and counsel for the State shall participate, either in person or by video teleconference, to make findings of fact as to whether appellant's waiver of his right to appeal is valid. The judge shall see that a record of the hearing is made and shall order the trial clerk to forward a record of the hearing and a supplemental clerk's record containing the findings of fact. The transcribed record of the hearing and the court's findings shall be filed with the clerk of this court on or before **September 19, 2019**.

We will hold the State's motion to dismiss pending the filing of the requested records.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket without further order of the court when the requested records are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM