**Appeals Reinstated, Motions Disposed, Appeals Dismissed, and Majority and Concurring Opinions filed January 28, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00380-CR
### NO. 14-19-00381-CR

## CARLOS MICHAEL LOPEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause Nos. 1564443 and 1564444**

## OPINION

Carlos Michael Lopez pleaded guilty to and was convicted of aggravated assault against a public servant and aggravated assault with a deadly weapon. The trial court sentenced him to 15 years' imprisonment for each conviction. Despite the trial court's certification that appellant waived his right to appeal, appellant filed a notice of appeal in each case. We conclude appellant validly waived his right to appeal and dismiss these appeals for lack of jurisdiction.

BACKGROUND

Appellant pleaded guilty to aggravated assault against a public servant and aggravated assault with a deadly weapon. No agreement regarding sentencing was reached between appellant and the State; instead, a presentence investigation report was prepared. Following a sentencing hearing, the trial court found appellant guilty and sentenced him to 15 years' imprisonment on each conviction, the sentences to run concurrently. The trial court signed a certification of appellant's right to appeal in which it indicated appellant had waived his right of appeal. Appellant filed a pro se notice of appeal. A few days later, the trial court appointed counsel to represent appellant on appeal.

The State filed a motion to dismiss for lack of jurisdiction. The motion states appellant agreed to waive his right of appeal in exchange for the State's waiver of its right to a jury trial. Only by pleading guilty to the judge would appellant have been eligible for deferred adjudication community supervision. Because appellant wanted to preserve the possibility of deferred adjudication community supervision, the motion contends, he bargained for that possibility by getting the State to waive its right to a jury trial. In exchange, the State obtained appellant's waiver of his right to appeal.

In response to the State's motion to dismiss, appellant filed a "Motion to Strike or Deny Appellee's Non-Conforming Document." Appellant asserts the only basis on which the State may seek involuntary dismissal of a criminal case is the appellant's escape. *See* Tex. R. App. P. 42.4. Because the Texas Rules of Appellate Procedure do not expressly permit the State to move for dismissal based on lack of jurisdiction, appellant contends, we should strike the State's motion to dismiss. Alternatively, appellant argues the motion to dismiss should be denied because (1) the trial court has now signed amended certifications indicating appellant has the

right of appeal; and (2) the record does not support the existence of a negotiated waiver.

The State responded to the motion to strike at our request. It contends that rule 42.4 applies only to a "valid" appeal, and these appeals are not valid because they fail to invoke our appellate jurisdiction. In any event, the State says, this court lacks jurisdiction, and it does not matter whether we dismiss the appeals on the State's motion or our own motion.

## ABATEMENT AND FINDINGS OF FACT

The trial court originally certified that appellant had waived his right to appeal either of his convictions. We sent a letter to the trial court stating (we now realize mistakenly) that the records suggest appellant did not waive his right to appeal. In response, the trial court filed amended certifications indicating that appellant both had the right to appeal and waived his right to appeal. Due to the conflicting certifications, we abated these appeals and directed the trial court to conduct a hearing to make findings of fact as to whether appellant's waivers of his right to appeal were valid.[1]

The trial court conducted the hearing and made findings of fact applicable to both appeals. The findings include:

1. Appellant waived his right to appeal in return for the State's waiving its right to a jury trial.

2. The original appellate records unambiguously showed that appellant waived his right to appeal.

---

[1] We abated these appeals for findings of fact due to the unique circumstances of these appeals—namely, the conflicting certifications. We do not suggest that such a procedure would be necessary or appropriate in every case in which jurisdiction is challenged, nor do we suggest a party would be entitled to such a procedure in every case in which jurisdiction is challenged.

3

3. Nothing in the records conflict with the statement in the plea paperwork that appellant's waiver of his right to appeal was part of a negotiated bargain with the State.

4. "The State waived its right to a jury trial and [appellant] was put in a position where he was able to request deferred adjudication community supervision, which he did."

Following receipt of the trial court's findings, we notified the parties we would consider dismissal of these appeals on our own motion for lack of jurisdiction due to appellant's waiver of his right to appeal. We invited the parties to file further briefing on the jurisdictional issue. No such briefing has been received.

## WAIVER OF RIGHT TO APPEAL

The right to appeal may be waived, and such a waiver is valid if made voluntarily, knowingly, and intelligently. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *Ex parte Delaney*, 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006); *Simon v. State*, 554 S.W.3d 257, 261 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Jenkins v. State*, 495 S.W.3d 347, 350 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A court of appeals lacks jurisdiction over and must dismiss an appeal when the defendant has validly waived his right of appeal. *See Jones v. State*, 488 S.W.3d 801, 808 (Tex. Crim. App. 2016).

A waiver of appeal prior to sentencing may be valid if it is bargained for—that is, if the State gives some consideration for the waiver, even if a sentence is not agreed upon. *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Simon*, 554 S.W.3d at 261; *Jenkins*, 495 S.W.3d at 350. On the other hand, a non-negotiated waiver of the right to appeal is valid only if the defendant with certainty knows the punishment that will be assessed. *Washington v. State*, 363 S.W.3d 589, 589-90 (Tex. Crim. App. 2012) (per curiam); *Delaney*, 207 S.W.3d at 798-99; *Simon*, 554 S.W.3d at 261; *Jenkins*, 495 S.W.3d at 350.

To determine the validity of a waiver of a right to appeal and the terms of any agreement between appellant and the State, we consider the written plea documents and the formal record in light of general contract law principles. *Jones*, 488 S.W.3d at 805; *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013); *Simon*, 554 S.W.3d at 261; *Jenkins*, 495 S.W.3d at 350.

Like this case, *Delaney* and *Broadway* both involved the State's waiver of its right to a jury trial and appellant's waiver of the right to appeal. In *Delaney*, the State merely consented to a bench trial; there was no evidence in the record of a bargain between the parties regarding a bench trial rather than a jury trial. *See Delaney*, 207 S.W.3d at 798. In *Broadway*, by contrast, the record did contain evidence of an agreement between the parties. The defendant's trial lawyer had submitted an affidavit stating Broadway "waived his right to appeal to induce the State to consent to the waiver of a jury trial." *Broadway*, 301 S.W.3d at 695. The Court of Criminal Appeals said the bargain was not a traditional plea-bargain agreement, in which the guilty plea is made in exchange for a certain sentence, but rather "a bargain of a different sort." *Id.* at 697.

We applied *Delaney* and *Broadway* as we considered whether the defendant's waiver of the right to appeal was valid in *Jenkins* and *Simon.* In each case, we held that, just as in *Delaney*, there was no evidence that the State's waiver of a jury trial was made in exchange for the defendant's waiver of his right to appeal. *Jenkins*, 495 S.W.3d at 352; *Simon*, 554 S.W.3d at 263.

The facts of these appeals are more like *Broadway* than *Delaney*, *Jenkins*, and *Simon.* A document entitled "WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION" is included in each record. Each is dated January 15, 2019 and is signed by appellant. Each contains the following paragraph:

I understand that I have not reached an agreement with the prosecutor as to punishment. However, in exchange for the State waiving their [sic] right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and request that my punishment should be set by the Judge after a pre-sentence investigation report and hearing. I understand the state reserves the right to argue for full punishment at my sentencing hearing. I waive any further time to prepare for trial to which I or my attorney may be entitled. **Further, in exchange for the state giving up their [sic] right to a jury trial, I agree to waive any right of appeal which I may have**.

(Boldface added)

That paragraph, particularly the bolded language, constitutes record evidence that appellant's waiver of his right to appeal was bargained for. The State gave consideration for the waiver in the form of waiving its own right to a jury trial. *Broadway* compels us to conclude appellant's waiver of his right to appeal is valid.

Accordingly, we dismiss these appeals for lack of jurisdiction. We deny as moot the State's motion to dismiss, appellant's motion to strike the motion to dismiss, and the State's motion to extend time to file its brief.

/s/    Margaret 'Meg' Poissant
Justice

Panel consists of Justices Christopher, Spain, and Poissant.  Spain, J., concurring.

Publish — TEX. R. APP. P. 47.2(b).

6