**Second Order on Continuing Abatement filed October 2, 2020.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-18-00685-CR

---

**MIRNA SALAS ABBOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 207th District Court
Comal County, Texas
Trial Court Cause No. CR2017-585(1)**

---

## SECOND ORDER ON CONTINUING ABATEMENT

Appellant Mirna Salas Abbott was convicted of the felony offense of possession of a controlled substance (more than four grams but less than 200 grams). In challenging the trial court's judgment as to her guilt, appellant raises due-process-of-law and ineffective-assistance-of-counsel issues related to events that took place before she entered a plea of guilty to the charged offense. The State has argued on appeal that appellant has waived her right to appeal as to these issues.

In its certification under Texas Rule of Appellate Procedure 25.2(a)(2), the trial court certified that this case "is not a plea-bargain case, and the defendant has the right to appeal except as to guilt/innocence." Thus, the trial court certified that appellant has no right to appeal as to guilt/innocence. If this certification is accurate, then appellant would have no right to appeal as to all the complaints she has raised in this court. As long as this certification stands as the current Rule 25.2(a)(2) certification in our appellate record, we cannot proceed to address appellant's appellate complaints. *See* Tex. R. App. P. 25.2(d) (stating that "[t]he appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules"); *Jones v. State*, 488 S.W.3d 801, 804 (Tex. Crim. App. 2016). This court has an obligation to review the record and determine whether the trial court's Rule 25.2(a)(2) certification is defective. *See Jones*, 488 S.W.3d at 805. Even though a certification may be correct in form, if the certification is contrary to the appellate record, the certification is defective. *See Jones*, 488 S.W.3d at 804; *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). Thus, in our July 30, 2020, order in this appeal ("July Order"), we reviewed the appellate record to determine whether the trial court's Rule 25.2(a)(2) certification is contrary to the record and thus defective. *See Jones*, 488 S.W.3d at 805.

The record reflects that appellant signed a document entitled "Admonishments, Voluntary Statements, Waivers, Stipulations, Judicial Confession & Plea Bargain Agreement" (the "Plea Papers"). Though the title of the Plea Papers includes the term "Plea Bargain Agreement," and though this term is used several times in the document, the text makes clear that the document is based on a form that may be used for a plea bargain agreement and also may be used for "guilty" pleas without any plea bargain agreement. The Plea Papers provide that "[i]f a plea

bargain does exist, the court will inform you in open court before making a finding on your plea whether it will follow the plea bargain." In the part of the Plea Papers in which appellant states she waived her right to appeal as to guilt or innocence (the "Waiver of Appeal"), appellant does not mention any consideration given by the State:

> I understand my right to appeal but, having entered into a plea agreement with the State and as part of that agreement before sentencing, I waive my right to appeal from the judgment and sentence as to guilt or innocence.

Appellant agreed to plead "guilty" to the charged offense and to plead "true" to the enhancement paragraph. In the part of the Plea Papers in which the State could have given consideration by recommending a sentence or agreeing to prosecute appellant only on a lesser-included offense, the State did not check any of the first eleven items available in the form; instead, the State checked "Other" and inserted the following text in the blank lines:

> This is an open plea of guilty and true to the enhancement paragraph. [Appellant] shall not ask for and shall not receive a deferred adjudication. Therefore, [appellant] shall be sentenced to a term not less than 15 years and not more than 99 years or life and a fine not to exceed $10,000.

The inserted language contains no reference to any consideration given by the State. Below this language, the Plea Papers state that "[t]he *above* terms constitute our agreement, and there are no agreements not set forth *above*." (the "End-of-Agreement Sentence"). Significantly, the wording on which the State relies as consideration for the Waiver of Appeal falls below the End-of-Agreement Sentence and above the signature line for the assistant district attorney:

> I hereby join, consent to and approve of: (1) the stipulations of evidence pursuant to Art. 1.15, C.C.P.; and (2) the waiver of jury trial pursuant to Art. 1.13, C.C.P., conditioned on the Court accepting this Plea Agreement and

sentencing [appellant] in accordance with this Plea Agreement.

In the July Order, we concluded that under the unambiguous language of the Plea Papers, the words on which the State relies as the bargained-for consideration were not part of the agreement between appellant and the State because these words fell below the End-of-Agreement Sentence. We also noted that the language on which the State relies does not say that the State agrees that it will join, give consent to, or approve of the waiver of jury trial or that the State is doing so in exchange for appellant's Waiver of Appeal. Instead, by this language the State consented to and approved the waiver of jury trial in the manner required by article 1.13 of the Texas Code of Criminal Procedure. *See* Tex. Crim. App. Pro. Ann. art. 1.13 (stating that the attorney representing the state must consent to and approve of a defendant's waiver of the right to a jury trial and that this consent and approval must be "in writing, signed by [the attorney for the State], and filed in the papers of the cause before the defendant enters the defendant's plea"). Though the State conditioned its consent to the jury-trial waiver on the trial court's acceptance of "this Plea Agreement and sentencing the Defendant in accordance with this Plea Agreement," this conditional consent, which is not part of the agreement, does not show that appellant received any bargained-for consideration in exchange for her Waiver of Appeal.

At the hearing in which appellant pleaded "guilty," no person mentioned any consideration given by the State in exchange for appellant's Waiver of Appeal. Instead, after reciting that the case involved an open plea, the trial court confirmed that no one had promised appellant anything:

> [trial court]: Ms. Abbott, in your case — okay. It's an open — in exchange for your willingness to plead guilty — I take it we'll reset this for a punishment hearing at a later date. This would basically be an open plea to that range of punishment, 15 years in the penitentiary up to 99

4

years or life, again, understanding that no probation of any kind is an option for the Court. Do you understand that?

[appellant]: Yes.

[trial court]: Let's see here. Anybody promise you anything other than that?

[appellant]: No.

After appellant had pleaded "guilty," and at the beginning of the punishment hearing the trial court described the case as follows:

| [trial court]: | Okay. We're here on an open plea; correct? |
| [appellant's attorney]: | Yes, sir. |
| [trial court]: | Technically, it was a negotiated plea just removing deferred adjudication from the table with the effective punishment range being 15 years to 99 years to life and a fine not to exceed $10,000. Correct? |
| [appellant's attorney]: | Correct. |

Though the trial court first stated that the case involved an open plea and then stated that it involved a negotiated plea, the trial court did not mention any consideration given by the State. At no time during the punishment hearing did any person mention any consideration given by the State in exchange for appellant's Waiver of Appeal.

In the July Order, we concluded the record in this case does not show that the State provided appellant with a benefit as part of a bargained-for exchange that would supply the requisite consideration for appellant's Waiver of Appeal. *See Simon v. State*, 554 S.W.3d 257, 262–63 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Jenkins v. State*, 495 S.W.3d 347, 352 (Tex. App.—Houston [14th Dist.] 2016, no pet.). The State did not agree to or recommend any punishment in the Plea Papers or by any other means before appellant pleaded "guilty" and made the Waiver of Appeal. Thus, appellant's punishment remained uncertain when appellant made the

5

Waiver of Appeal. The State did not agree to waive the enhancement paragraph or allow appellant to plead "guilty" to a lesser-included offense. Appellant could not receive the benefit of community supervision because she was not eligible based on her "guilty" plea and plea of "true" to the enhancement paragraph. *See* Tex. Crim. App. Pro. Ann. art. 42A.053. Nor could appellant obtain the benefit of deferred adjudication because appellant agreed that she would not request or receive deferred adjudication. Nothing in the record reflects that the State did not want to consent to a jury-trial waiver but appellant induced the State to do so by waiving her right to appeal. Though the State signed the Plea Papers, the State did so for the stated purpose of joining, consenting to, and approving of the stipulations of evidence and the waiver of jury trial. The State did not say that it agreed to be bound by the Plea Papers, and even if the State had done so, the document does not contain any provision in which the State gives appellant a benefit or agrees to give her a benefit. The record does not show that the parties bargained for the State's consent to appellant's waiver of a jury trial or that the State otherwise attributed negotiating value to this purported consideration. *See Simon*, 554 S.W.3d at 262–63; *Jenkins*, 495 S.W.3d at 352. The record shows that the State did not bargain for appellant's Waiver of Appeal and that appellant did not know with certainty the punishment that the trial court would assess when appellant entered her plea. In the July Order, we concluded that the record shows appellant's Waiver of Appeal is invalid and does not prevent appellant from appealing as to guilt/innocence or as to punishment. *See Simon*, 554 S.W.3d at 262–63; *Jenkins*, 495 S.W.3d at 352.

In the July Order, we noted that the cases on which the State relies differ in key respects. First, our recent decision in *Lopez v. State* involved materially different facts that prompted a different outcome. *See Lopez v. State*, 595 S.W.3d 897, 899–901 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). In *Lopez*, the plea papers

6

contained the following language in which the defendant explicitly acknowledged the exchange:

> I understand that I have not reached an agreement with the prosecutor as to punishment. However, in exchange for the State waiving their [sic] right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and request that my punishment should be set by the Judge after a pre-sentence investigation report and hearing. I understand the state reserves the right to argue for full punishment at my sentencing hearing. I waive any further time to prepare for trial to which I or my attorney may be entitled. **Further, in exchange for the state giving up their [sic] right to a jury trial, I agree to waive any right of appeal which I may have**.

*Id*. at 900 (emphasis added by the *Lopez* court). Contrary to the State's argument, *Lopez* is not on point because the record in today's case does not contain similar evidence of a bargained-for exchange of consideration.

The facts of today's case do not fall within the line of cases in which the appellant negotiated an agreement with the State to obtain a benefit through the State's consent to the appellant's jury-trial waiver in exchange for the appellant's waiver of the right to appeal. *See Jenkins v. State*, 495 S.W.3d 347, 352 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("Although appellant certainly benefited from the State's decision to consent to the jury trial waiver, which (as in *Delaney*) allowed him to seek deferred-adjudication community supervision, there is no indication in the record that appellant negotiated an agreement with the State to obtain this benefit in exchange for waiving his right to appeal.").

In *Jones v. State*, the Court of Criminal Appeals found that the documents in the record demonstrated sufficient bargained-for consideration where the State agreed to abandon an enhancement paragraph, which had the effect of reducing the defendant's minimum punishment from twenty-five years' confinement to five years' confinement. 488 S.W.3d 801, 807 (Tex. Crim. App. 2016). In today's case

the State did not agree to eliminate an enhancement paragraph, so the *Jones* case is not on point. *See id.*

Finally, the State's reliance on the Third Court of Appeals's recent unpublished opinion in *Sabins v. State*, is unwarranted, as that opinion has no precedential value. *See* Tex. R. App. P. 47.7(a) (stating that "[o]pinions and memorandum opinions not designated for publication by the court of appeals under these or prior rules have no precedential value"); *Sabins v. State*, No. 03-18-00732-CR, 2020 WL 3495859, at *3–6 (Tex. App.—Austin June 25, 2020, no pet. h.) (not designated for publication) (mem. op.). Even if *Sabins* had precedential value, the case would not be on point because the facts and circumstances of today's case, discussed above, differ substantially from the facts and circumstances on which the *Sabins* court decided that the waiver of appeal in that case was valid.

The trial court's certification, under Texas Rule of Appellate Procedure 25.2(d), of appellant's right to appeal provides that this "is not a plea-bargain case, and the defendant has the right to appeal except as to guilt/innocence." The record shows appellant's Waiver of Appeal is invalid; therefore, appellant has the right to appeal as to both guilt/innocence and as to punishment. *See Simon*, 554 S.W.3d at 262–63; *Jenkins*, 495 S.W.3d at 352. Because the certification contradicts the appellate record, the law deems it defective. *See Jones*, 488 S.W.3d at 804; *Dears*, 154 S.W.3d at 614.

On June 12, 2020, this court issued an order abating this appeal and directing the trial court to file an amended Rule 25.2(a)(2) certification of the defendant's right of appeal. Instead of filing an amended certification, the trial court ordered the clerk of the trial court to submit a supplemental clerk's record containing another copy of the original certification already contained in our appellate record. Though we understand that the trial court may disagree with our conclusion as to whether the

Waiver of Appeal is valid, any such disagreement does not provide a valid basis for the trial court to disregard this court's determination that appellant's Waiver of Appeal is invalid or for the trial court to disregard an order from this court that the trial court file an amended Rule 25.2(a)(2) certification of the defendant's right of appeal.

In the July Order, this court determined that (1) the record shows appellant's Waiver of Appeal is invalid; (2) appellant has the right to appeal as to both guilt/innocence and as to punishment; and (3) the trial court's certification that appellant has no right to appeal as to guilt/innocence contradicts the appellate record. This court ordered the trial court to file an amended Rule 25.2(a)(2) certification of the defendant's right of appeal to correct the trial court's original, defective certification. In today's case, appellant filed her appellate brief before any of this court's orders as to the Rule 25.2(a)(2) certification. Therefore, the trial court may amend the Rule 25.2(a)(2) certification only with this court's leave and on the terms prescribed by this court. *See* Tex. R. App. P. 25.2(f) (stating that "[a]fter the appealing party's brief is filed, the notice or certification may be amended only on leave of the appellate court and on such terms as the court may prescribe"); *Terrell v. State*, 264 S.W.3d 110, 113 (Tex. App.—Houston [1st Dist.] 2007, published order).

Instead of complying this court's July Order and amending the Rule 25.2(a)(2) certification on the terms prescribed by this court, the Honorable Dib Waldrip, presiding judge of the trial court signed a single-spaced, four-page amended certification, in which Judge Waldrip explained his interpretation of the Plea Papers and provided legal analysis in support of his conclusion that the Waiver of Appeal is valid. Contrary to this court's analysis in the July Order, Judge Waldrip again certified that appellant does not have the right to appeal as to guilt/innocence.

In *Hargesheimer v. State*, the trial court certified that the appellant in that case had no right to appeal, and the intermediate court of appeals eventually agreed with the trial court. *See* 182 S.W.3d 906, 907–08 (Tex. Crim. App. 2006). The Court of Criminal Appeals disagreed with the lower courts' analysis and concluded that appellant had the right to appeal. *See id.* at 911–13. The State asserted that the Court of Criminal Appeals had to affirm the lower court judgment because the trial court's Rule 25.2(a)(2) certification was supported by the record and not defective. *See id.* at 912–13. The *Hargesheimer* court disagreed and concluded that the certification was not supported by the record. *See id.* at 913. The high court concluded that under the circumstances presented in that case, "the trial judge must check the box on the certification form indicating that the case 'is not a plea-bargain case, and the defendant has the right of appeal.'" *Id.* at 913. The *Hargesheimer* court reversed the court of appeals's judgment and instructed the trial judge to issue a new Rule 25.2(a)(2) certification designating the case as not a plea-bargain case and one in which the defendant has the right of appeal. *See id.*

In *Terrell v. State*, in the Rule 25.2(a)(2) certification, the trial court certified that the cases were plea-bargain cases and that appellant had no right of appeal. *See Terrell*, 264 S.W.3d at 112. The First Court of Appeals concluded that the cases were not plea-bargain cases and that appellant had the right to appeal. *See id.* at 113. Thus, the appellate court concluded that the trial court's certification was defective. *See id.* at 113. Relying upon the court's authority under Rule 25.2(f) and the high court's opinion in *Hargesheimer*, the First Court ordered the trial court to amend the Rule 25.2(a)(2) certifications to show that appellant had the right of appeal in each case. *Id.* at 114; *see* Tex. R. App. P. 25.2(f); *Hargesheimer*, 182 S.W.3d at 911–13.

We have determined that the record shows appellant's Waiver of Appeal is invalid and that appellant has the right to appeal as to both guilt/innocence and as to punishment. The case is still **ABATED**, and we **ORDER** and **DIRECT** the Honorable Dib Waldrip to file an amended Rule 25.2(a)(2) certification stating that this criminal case is not a plea-bargain case, and the defendant has the right of appeal as to both guilt/innocence and as to punishment. *See* Tex. R. App. P. 25.2(f); *Hargesheimer*, 182 S.W.3d at 911–13; *Terrell*, 264 S.W.3d at 112–14. Under fundamental principles of stare decisis, a district court judge is bound by and must follow the order of a court of appeals in an appeal from a case in the judge's court, even if the judge disagrees with the court of appeals's ruling and even if the Court of Criminal Appeals, in the future, may review the court of appeals's ruling. *See State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994); *Perez v. State*, 495 S.W.3d 374, 392 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

The trial court's amended certification shall be included in a supplemental clerk's record and transmitted to this court no later than **October 9, 2020**. The appeal will be reinstated when the supplemental clerk's record has been filed. This court may reinstate the appeal on the motion of any party or on its own motion.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Hassan.