**Abatement Order filed April 9, 2021.**



**In The**

# Fourteenth Court of Appeals

———————

NO. 14-20-00844-CR
NO. 14-20-00845-CR
NO. 14-20-00846-CR
NO. 14-20-00847-CR
NO. 14-20-00848-CR

———————

**RICARDO  SALDANA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause Nos. 1623964, 1623965, 1623966, 1623967, and 1623968**

---

## CORRECTED ABATEMENT ORDER

Appellant has filed a notice of appeal in each of these cases. In each case, the record shows that defendant pleaded guilty without an agreed recommendation as to sentencing. The right to appeal may be waived, and such a waiver is valid if made voluntarily, knowingly, and intelligently. *Ex parte Delaney*, 207 S.W.3d 794,

796-97 (Tex. Crim. App. 2006); *Jenkins v. State*, 495 S.W.3d 347, 350 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A waiver of appeal prior to sentencing may be valid if it is bargained for—that is, if the State gives some consideration for the waiver, even if a sentence is not agreed upon. *Jenkins*, 495 S.W.3d at 350; *see also Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009). In each case, the plea papers recite that in exchange for appellant's waiver of his right to appeal, the State consented to appellant's waiver of his right to jury trial. It has been held that such a waiver is valid if there was some consideration. *See Jones v. State*, 488 S.W.3d 801, 807–08 (Tex. Crim. App. 2016); *Ex parte Broadway*, 301 S.W.3d at 699. The plea papers in each case state that appellant's waiver was in exchange for appellant being able to request his punishment be set by the trial court. The record reflects appellant's punishment was assessed by the trial court. Thus, the record in each case reflects we lack jurisdiction over this appeal because appellant waived the right of appeal. *See Ex parte Broadway*, 301 S.W.3d at 699.

However, in each case, the trial court's certification of defendant's right of appeal was amended from the initial certification that the case "[i]s a plea-bargain case, and the defendant has NO right of appeal" to "[i]s not a plea-bargain case, and the defendant has the right of appeal. Accordingly, we order as follows:

The judge of the 351st District Court is directed to make findings of fact and conclusions of law on appellant's right to appeal in each case and shall direct the trial court clerk to prepare, certify, and file a supplemental clerk's record containing those findings and conclusions filed with the clerk of this court. If necessary, the judge shall conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference. The judge shall see that a record of any hearing is made and shall order the reporter to prepare, certify, and file a reporter's record of the hearing,

including a videotape or compact disc, if any, containing a recording of the video teleconference, to the clerk of this court. Those records shall be filed with the clerk of this court on or before **April 20, 2021.**

If necessary, the judge shall correct the certification of the defendant's right of appeal in each case, request the trial court clerk to prepare and certify a supplemental clerk's record containing the corrected certifications, and file the supplemental clerk's record with this court on or before **April 20, 2021.**

The appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket when the trial court's findings and conclusions and, if appropriate, corrected certifications are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeals filed by either party.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Spain and Wilson.