**Motion Denied; Abatement Order filed November 8, 2022**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00106-CR
_____

### IVAN PERALES ROQUE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 1518590**

## ABATEMENT ORDER

The State has filed a motion to dismiss this appeal based upon an incorrect certification of the defendant's right of appeal. Appellant has filed a response.

Appellant was charged with murder. On January 25, 2022, appellant signed a judicial confession and agreed to waive any right of appeal in exchange for the State giving up their right to trial. The same day, the trial court signed a certification providing this "[i]s a plea bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and

the defendant has the right of appeal." The judgment signed January 27, 2022, states "APPEAL WAIVED, NO PERMISSION TO APPEAL GRANTED."[1]

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. Tex. R. App. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Because that is not the case in this appeal, the State's motion is DENIED.

However, the right to appeal may be waived, and such a waiver is valid if made voluntarily, knowingly, and intelligently. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *Ex parte Delaney*, 207 S.W.3d 794, 796-97 (Tex. Crim. App. 2006); *Simon v. State*, 554 S.W.3d 257, 261 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Jenkins v. State*, 495 S.W.3d 347, 350 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A waiver of appeal prior to sentencing may be valid if it is bargained for—that is, if the State gives some consideration for the waiver, even if a sentence is not agreed upon. *Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009); *Simon*, 554 S.W.3d at 261; *Jenkins*, 495 S.W.3d at 350.

Because the trial court's certification conflicts with appellant's waiver and the judgment, we enter the following order:

The judge of the 339th District Court shall immediately conduct a hearing at which appellant, appellant's counsel, and counsel for the State shall participate, either in person or by video teleconference, to determine whether appellant's waiver of his right to appeal is valid. The judge shall see that a record of the hearing is made, shall make findings of fact, and shall order the trial clerk to

---

[1] Appellant has filed a brief challenging the trial court's denial of his motion to dismiss for lack of a speedy trial, as well as costs assessed.

forward a record of the hearing and a supplemental clerk's record containing the findings. The transcribed record of the hearing, the court's findings, and a videotape or compact disc, if any, containing a recording of the video teleconference shall be filed with the clerk of this court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket without further order of the court when the requested records are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel Consists of Justices Wise, Jewell, and Poissant.